

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **WARITH DEEN ABDULLAH,**<br><br>Plaintiff,<br><br>v.<br><br>**B. PHILLIPS, et al.,**<br><br>Defendants. | 2:15-cv-04844 DSF (KSx)<br><br>~~[PROPOSED]~~ STIPULATED **PROTECTIVE ORDER**<br><br>Judge:   The Honorable Karen L. Stevenson<br>Action Filed: June 26, 2015 |

**I.    A.    PURPOSES AND LIMITATIONS.**

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Court enters the following Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further

1  acknowledge, as set forth in Section 12.3, below, that this Protective Order does not
2  entitle the parties to file confidential information under seal; Civil Local Rule 79-5
3  sets forth procedures that must be followed and the standards that will be applied
4  when a party seeks permission from the court to file material under seal.

5     **B.   GOOD CAUSE STATEMENT.**

6     This action is likely to involve production of confidential, proprietary, or
7  private information for which special protection from public disclosure and from
8  use for any purpose other than the defense or prosecution of this action is
9  warranted.  Such confidential and proprietary materials and information consist of:

10    (1)   California Department of Corrections and Rehabilitation ("CDCR")
11  records regarding the internal investigation into the incident alleged in the
12  Complaint, which may have the effect of causing harm to the safety and security of
13  prison officials, the public, or Defendants.  All birthdates, social security numbers,
14  home and work addresses, drivers' license numbers, home and work telephone
15  numbers, and identifying information of confidential informants and CDCR
16  employees will be redacted;

17    (2)   Records regarding processes, operations, investigations or other
18  information relating to CDCR, disclosure of which may have the effect of causing
19  harm to the safety and security of prison officials, the public, or Defendants.  This
20  includes, but is not limited to, institutional records, maps and diagrams,
21  photographs, audio or video recordings, witness statements, SMS or text messages,
22  and emails and other written correspondence.  Confidential information is also
23  personal information of Defendants, including but not limited to home address,
24  social security number, telephone number, email address, names or identifying
25  information of family members, the disclosure of which places the safety of
26  Defendants, who are current and former peace officers, and their family members at
27  risk.  Confidential information also includes all personal identifying information of
28  any current or former CDCR employee, and any third party entitled to confidential

1  protection of personal identifying information under California and/or applicable
2  federal law.  All birthdates, social security numbers, home and work telephone
3  numbers, information about family members, and material identifying a
4  confidential informant or inmate-witness will be redacted;

5      (3)   Confidential information is also personal information of Plaintiff
6  generally, including but not limited to home address, birthdate, and social security
7  number, all of which will be redacted;

8      (4)   Portions of Plaintiff Wraith Abdullah's prison records that includes
9  confidential information related to third parties that is subject to privacy rights, such
10  as other inmates' names or identifying information;

11      (5)   Any material that would reveal the identity of a confidential informant or
12  inmate witness; and

13      (6)   Information not generally made available to the public, or which may be
14  privileged or otherwise protected from disclosure under state or federal statutes,
15  court rules, case decisions, or common law.

16      Accordingly, to expedite the flow of information, to facilitate the prompt
17  resolution of disputes over confidentiality or discovery materials, to adequately
18  protect information the parties are entitled to keep confidential, to ensure that the
19  parties are permitted reasonable necessary uses of such material in preparation for
20  and in the conduct of trial, to address their handling at the end of the litigation, and
21  serve the ends of justice, a protective order for such information is justified in this
22  matter.  It is the intent of the parties that information will not be designated as
23  confidential for tactical reasons and that nothing be so designated without a good
24  faith belief that it has been maintained in a confidential, non-public manner, and
25  there is good cause why it should not be part of the public record in this case.

26
27
28

**C.   ACKNOWLEDGMENT OF PROCEDURE FOR FILING UNDER SEAL.**

The parties further acknowledge, as set forth in Section 12.3, below, that this Protective Order does not entitle them to file confidential information under seal; Local Civil Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases.  In connection with non-dispositive motions, good cause must be shown to support a filing under seal.  *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006); *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002); *Makar-Welbon v. Sony Electrics, Inc.*, 187 F.R.D. 576, 577 (E.D. Wis. 1999).  The parties' mere designation of Disclosure or Discovery Material as "CONFIDENTIAL" does not— without the submission of competent evidence by declaration, establish that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable—constitute good cause.

Further, if a party requests sealing related to a dispositive motion or trial, then compelling reasons, not only good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected.  *See Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 677-79 (9th Cir. 2010).  For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested order.  Again, competent evidence supporting the application to file documents under seal must be provided by declaration.

4

1    Any document that is not confidential, privileged, or otherwise protectable in

2    its entirety will not be filed under seal if the confidential portions can be redacted.

3    If documents can be redacted, then a redacted version for public viewing, omitting

4    only the confidential, privileged, or otherwise protectable portions of the document,

5    shall be filed.  Any application that seeks to file documents under seal in their

6    entirety should include an explanation of why redaction is not feasible.

7    **II.    DEFINITIONS.**

8        2.1   Action:    this pending federal suit, *Abdullah v. Phillips, et al.*, Case No.

9    2:15-cv-04844-DSF (KSx).

10       2.2   Challenging Party:   a Party or Non-Party that challenges the designation

11   of information or items under this Order.

12       2.3.  "CONFIDENTIAL" Information or Items:    information (regardless of

13   how it is generated, stored, or maintained) or tangible things that qualify for

14   protection under Federal Rule of Civil Procedure 26 (c), and as specified above in

15   the Good Cause Statement.

16       2.4.  "CONFIDENTIAL – ATTORNEYS' EYES ONLY:"  extremely

17   sensitive "CONFIDENTIAL" Information or Items, the disclosure of which to

18   another Party or Non-Party would create a substantial risk of serious harm that

19   could not be avoided by less restrictive means.

20       2.5.  Counsel:  Counsel of record and House Counsel (as well as their support

21   staff).

22       2.6.  Designating Party:   a Party or Non-Party that designates information or

23   items that it produces in disclosures or in response to discovery as

24   "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

25       2.7.  Disclosure of Discovery Material:   all items or information, regardless of

26   the medium or manner in which it is generated, stored, or maintained (including,

27   among other things, testimony, transcripts, and tangible things), that are produced

28

or generated in informal discovery, disclosures or responses to discovery in this matter.

2.8.  Expert:    a person with specialized knowledge or experience in a matter pertinent to the litigation, who has been retained by a Party or its counsel to serve as an expert witness or consultant in this Action.

2.9.  House Counsel:    attorneys who are employees of a party to this Action.  House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10. Non-Party:    any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11. Outside Counsel of Record:    attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.12. Party:    any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13 Producing Party:    a Party or Non-Party that produces Disclosures or Discovery Material in this Action.

2.14 Professional Vendors:    persons or entities that provide litigation support services (e.g. photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15 Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.16 Receiving Party:    a Party that receives Disclosure or Discovery Material from a Producing Party.

### III.  SCOPE.

The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conservations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by orders of the trial judge.  This Order does not govern the use of Protected Material at trial.

### IV.  DURATION.

Even after the final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extensions of time pursuant to applicable law.

### V.  DESIGNATING PROTECTED MATERIAL.

5.1  Exercise of Restraint and Care in Designating Material for Protection:

Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper

purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that were designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2   <u>Manner and Timing of Designations</u>:       Except as otherwise provided in this Order (see, e.g. second paragraph of Section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)   For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" or ""CONFIDENTIAL – ATTORNEYS' EYES ONLY", to each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings on the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this

Order.  Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" legend" to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party must also clearly identify the protected portions(s) (e.g., by making appropriate markings on the margins).

(b)   For testimony given in depositions that the Designating Party identify the Disclosure or Discovery Material on the record, before the close of the deposition all protected testimony.

(c)   For information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."  If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3.  Inadvertent Failures to Designate:   If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**VI.   CHALLENGING CONFIDENTIAL DESIGNATIONS.**

6.1   Timing of Challenges:    Any Party or Non-Party may challenge a designation of confidentiality at any time through the date of trial indicated in the Court's Scheduling Order.

6.2   Meet and Confer:    The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq.

6.3.   The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

**VII. ACCESS TO AND USE OF PROTECTED MATERIAL.**

7.1.   Basic Principles:      A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the Action is terminated, a Receiving Party must comply with the provisions of Section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to persons authorized under this Order.

7.2   Disclosure of "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items:      Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)   the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose this information for this Action;

(b)   the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

1        (c)   Experts (as defined by this Order) of the Receiving Party to whom

2    disclosure is reasonably necessary for this Action and who have signed the

3    "Acknowledgment and Agreement to Be Bound" (Exhibit A);

4        (d)   the court and its personnel;

5        (e)   court reports and their staff;

6        (f)   professional jury or trial consultants, mock jurors, and Professional

7    Vendors to whom disclosure is reasonably necessary for this Action and who have

8    signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

9        (g)   the author or recipient or a document containing the information or

10   a custodian or other person who otherwise possessed or knew the information;

11       (h)   during their depositions, witnesses, and attorneys for witnesses, in

12   the Action to whom disclosure is reasonably necessary provided the witness and

13   attorneys for the witness have signed the "Acknowledgment and Agreement to Be

14   Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered

15   by the court.  Pages of transcribed deposition testimony or exhibits to depositions

16   that reveal Protected Material must be separately bound by the court reporter and

17   may not be disclosed to anyone except as permitted under this Protective Order; and

18       (i)   any mediator or settlement officer, and their supporting personnel,

19   mutually agreed upon by any of the parties engaged in settlement discussions.

20   **UNDER NO CIRCUMSTANCES SHOULD MATERIAL DESIGNATED**

21   **"CONFIDENTIAL" AND/OR "CONFIDENTIAL - ATTORNEYS' EYES**

22   **ONLY" BE DISCLOSED TO PLAINTIFF OR NON-PARTY INMATES,**

23   **WHETHER THEY ARE ASSISTING PLAINTIFF IN THE PROSECUTION**

24   **OF THIS ACTION OR OTHERWISE**.

25      7.3.   Items to be Disclosed and Manner of Disclosure

26       (a)   Pursuant to the Parties' agreement, Defendants will produce the

27   following documents, redacted where necessary, to the extent they exist, which will

28   be marked "CONFIDENTIAL – FOR ATTORNEYS' EYES ONLY."  The

documents are related to Plaintiff's prison administrative grievance CMC-E-14-01148:

    (i)   Notice of Interview re: Complaint Against Staff (CDCR Form 602) Log #CMC-E-14-01148;

    (ii)   Any available transcripts of interviews of individual staff members or inmates taking in connection with CDCR Form 602 Log #CMC-E-14-01148

    (iii)   Notes taken by P. Noland during/regarding interview of individual staff members or inmates in connection with CDCR Form 602 Log #CMC-E-14-01148;

    (iv)   Notes taken by any CMC staff member regarding investigation of CDCR Form 602 Log #CMC-E-14-01148;

    (v)   Notes taken by W. Montoya regarding investigation of CDCR Form 602 Log #CMC-E-14-01148;

    (vi)   Statements by W. Montoya in response to the investigation into CDCR Form 602 Log #CMC-E-14-01148;

    (vii)   Advisement of Rights – Appeal Inquiry (CDCR Form 602 – Complaint Against Staff);

    (viii)   Notification of Staff Complaint; and

    (ix)   Confidential Supplement to Appeal "Appeal/Allegation Inquiry."

## VIII. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

    (a)   promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

1        (b)   promptly notify in writing the party who caused the subpoena or

2    order to issue in the other litigation that some or all of the material covered by the

3    subpoena or order is subject to this Protective Order.  Such notification shall

4    include a copy of this Protective Order; and

5        (c)   cooperate with respect to all reasonable procedures sought to be

6    pursued by the Designating Party whose Protected Material may be affected.

7        If the Designating Party timely seeks a protective order, the Party served with

8    the subpoena or court order shall not produce any information designated in this

9    action as "CONFIDENTIAL" before a determination by the court from which the

10   subpoena or order issued, unless the Party has obtained the Designating Party's

11   permission.  The Designating Party shall bear the burden and expense of seeking

12   protection in that court of its confidential material and nothing in these provisions

13   should be construed as authorizing or encouraging a Receiving Party in this Action

14   to disobey a lawful directive from another court.

15   **IX.  A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN**

16   **THIS LITIGATION.**

17       (a)   The terms of this Order are applicable to information produced by a Non-

18   Party in this action and designated as "CONFIDENTIAL."  Such information

19   produced by Non-Parties in connection with this litigation is protected by the

20   remedies and relief provided by this Order.  Nothing in these provisions should be

21   construed as prohibiting a Non-Party from seeking additional protections.

22       (b)   In the event that a Party is required, by a valid discovery request, to

23   produce a Non-Party's confidential information in its possession, and the Party is

24   subject to an agreement with the Non-Party not to produce the Non-Party's

25   confidential information, then the Party shall:

26       (1)   promptly notify in writing the Requesting Party and the Non-

27   Party that some or all of the information requested is subject to a confidentiality

28   agreement with a Non-Party;

1          (2)   promptly notify the Non-Party with a copy of the Protective

2   Order in this Action, the relevant discovery request(s), and a reasonably specific

3   description of the information requested; and

4          (3)   make the information requested available for inspection by the

5   Non-Party, if requested.

6      (c)   If the Non-Party fails to seek a protective order from this court within 14

7   days of receiving the notice and accompanying information, the Receiving Party

8   may produce the Non-Party's confidential information responsive to the discovery

9   request.  If the Non-Party timely seeks a protective order, the Receiving Party shall

10   not produce any information in its possession or control that is subject to the

11   confidentiality agreement with the Non-Party before a determination by the court.

12   Absent a court order to the contrary, the Non-Party shall bear the burden and

13   expense of seeking protection in this court of its Protected Material.

14   **X.**   **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL.**

15      If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

16   Protected Material to any person or in any circumstance not authorized under this

17   Protective Order, the Receiving Party must immediately (a) notify in writing the

18   Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve

19   all unauthorized copies of the Protected Material, (c) inform the person or persons

20   to whom unauthorized disclosures were made of all the terms of this Order, and (d)

21   request such person or persons to execute the "Acknowledgement and Agreement

22   to Be Bound" that is attached hereto as Exhibit A.

23

24   **XI.**   **INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE**
               **PROTECTED MATERIAL.**

25      When a Producing Party gives notice to Receiving Parties that certain

26   inadvertently produced material is subject to a claim of privilege or other

27   protection, the obligations of the Receiving Parties are those set forth in Federal

28   Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify

1    whatever procedure may be established in an e-discovery order that provides for
2    production without prior privilege review.  Pursuant to Federal Rule of Evidence
3    502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure
4    of a communication or information covered by the attorney-client privilege or work
5    product protection, the parties may incorporate their agreement in the Protective
6    Order submitted to the Court.

7    **XII. MISCELLANEOUS.**

8        12.1 <u>Right to Further Relief</u>:    Nothing in this Order abridges the right of any
9    person to seek its modification by the Court in the future.

10        12.2 <u>Right to Assert Other Objections</u>:    By stipulating to the entry of this
11   Protective Order, no Party waives any right it otherwise would have to object to
12   disclosing or producing any information or item on any ground not addressed in
13   this Protective Order.  Similarly, no Party waives any right to object on any ground
14   to use in evidence of any of the material covered by this Protective Order.

15        12.3 <u>Filing Protective Material</u>:      A Party that seeks to file under seal any
16   Protected Material must comply with Civil Local Rule 79-5.  Protected Material
17   may only be filed under seal pursuant to a court order authorizing the sealing of the
18   specific Protected Material at issue.  If a Party's request to file Protected Material
19   under seal is denied by the Court, then the Receiving Party may file the information
20   in the public record unless otherwise instructed by the Court.

21   **XIII. FINAL DISPOSITION.**

22        After the final disposition of this Action, as defined in paragraph 4, within 60
23   days of a written request by the Designating Party, each Receiving Party must
24   return all Protected Material to the Producing Party or destroy such material.  As
25   used in this subdivision, "all Protected Material" includes all copies, abstracts,
26   compilations, summaries, and any other format reproducing or capturing any of the
27   Protected Material.  Whether the Protected Material is returned or destroyed, the
28   Receiving Party must submit a written certification to the Producing Party (and, if

1   not the same person or entity, to the Designating Party) by the 60 day deadline that

2   (1) identifies (by category, where appropriate) all the Protected Material that was

3   returned or destroyed and (2) affirms that the Receiving Party has not retained any

4   copies, abstracts, compilations, summaries or any other format reproducing or

5   capturing any of the Protected Material.  Notwithstanding this provision, Counsel

6   are entitled to retain an archival copy of all pleadings, motion papers, trial,

7   deposition, and hearing transcripts, legal memoranda, correspondence, deposition

8   and trial exhibits, expert reports, attorney work product, and consultant and expert

9   work product, even if such materials contained Protected Material.  Any such

10   archival copies that contain or constitute Protected Material remain subject to this

11   Protective Order as set forth in Section IV (DURATION).

12   **XIV.  VIOLATION.**

13       Any violation of this Order may be punished by any and all appropriate

14   measures including, without limitation, contempt proceedings and /or monetary

15   sanctions.

16       **IT IS SO STIPULATED.**

17   *///*

18   *///*

19   *///*

20

21

22

23

24

25

26

27

28

DATED:  June 14, 2022

Respectfully submitted,
**THOMPSON COBURN LLP**

By: _____

**LUKAS SOSNICKI**
**KACEY R. RICCOMINI**
Attorneys for Plaintiff
WARITH DEEN ABDULLAH

DATED:  June 14, 2022

Respectfully submitted,
**ROB BONTA**
**Attorney General of California**
**R. LAWRENCE BRAGG**
**Supervising Deputy Attorney General**
**NECULAI GRECEA**
**Deputy Attorney General**

By: _____

**R. LAWRENCE BRAGG**
Supervising Deputy Attorney General
Attorneys for Defendant
W. Montoya

**IT IS SO ORDERED.**

Dated:  June 17, 2022

_____
The Honorable Karen L. Stevenson
United States Magistrate Judge

17

## EXHIBIT A

### ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address],

declare under penalty of perjury that I have read in its entirety and understand the

Protective Order that was issued by the United States District Court for the Central

District of California on [date]_____ in the case of *Abdullah v.*

*Phillips, et. al.*, Case No. 2:15-cv-04844 DSF (KSx). I agree to comply with and to

be bound by all the terms in this Protective Order and I understand and

acknowledge that failure to so comply could expose me to sanctions and

punishment in the nature of contempt. I solemnly promise that I will not disclose in

any manner any information or item that is subject to this Protective Order to any

person or entity except in strict compliance with the provisions of this Order. I

further agree to submit to the jurisdiction of the United States District Court for the

Central District of California for the purpose of enforcing the terms of this

Protective Order, even if such enforcement proceedings occur after termination of

this action. I hereby

appoint_____

[print or type full address and telephone number] as my California agent for service

of process in connection with this action or any proceedings related to enforcement

of this Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____